IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-42630-TLS |
| | ) | |
| THOMAS G. GROOMS and | ) | CH. 13 |
| SARAH L. GROOMS, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

THIS MATTER was presented to the Court on January 28, 2009, on a Motion for Relief from Stay filed by HSBC Auto Finance, f/k/a Household Auto Finance Corp. (Fil. #11), and a Response thereto filed by Debtors (Fil. #14). Philip M. Kelly appeared on behalf of Debtors, and Nicholas L. Ackerman appeared on behalf of HSBC.

In support of its motion for relief, HSBC noted that Debtors were debtors in a prior Chapter 13 case (Case No. 07-81046 filed on September 14, 2007, in the Middle District of Alabama). The Alabama case was dismissed on July 21, 2008, and closed on September 8, 2008.

This bankruptcy case was filed on November 5, 2008. HSBC asserts that pursuant to 11 U.S.C. § 362(c)(3), the automatic stay has terminated. That Code section provides as follows:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

This Chapter 13 proceeding was filed on November 5, 2008. It is clear that a Chapter 13 case involving these Debtors was pending in the Middle District of Alabama and was dismissed on July 21, 2008. Therefore, since a single or joint case of Debtors was pending within the preceding one-year period and was dismissed, according to 11 U.S.C. § 362(c)(3), the automatic stay terminated on the 30th day after filing of the present case. This case was filed on November 5, 2008.

The 30th day following that day was December 5, 2008. Thus, the automatic stay expired on December 5, 2008.

After the hearing held on January 28, 2009, Debtors filed a Motion to Extend Automatic Stay (Fil. #24). However, that motion is too late. 11 U.S.C. § 362(c)(3)(B) provides:

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

It is undisputed that the motion to extend the automatic stay was not filed within 30 days after the filing of this present case, nor was any hearing held to extend the automatic stay during that 30-day period.

IT IS, THEREFORE, ORDERED that the Motion for Relief from Stay filed by HSBC Auto Finance, f/k/a Household Auto Finance Corp. (Fil. #11) is granted, and the Motion to Extend Automatic Stay filed by Debtors (Fil. #24) is denied as untimely.

DATED: January 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Philip M. Kelly
    *Nicholas L. Ackerman
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.